Case No. 25-1345

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

KILMAR ARMANDO ABREGO GARCIA, ET AL.,
*Plaintiffs-Appellees,*

v.

KRISTI NOEM, ET AL.,
*Defendants-Appellants.*

On Appeal from the U.S. District Court
for the District of Maryland
Case No. 8:25-CV-00951-PX

*AMICI CURIAE* BRIEF OF PROFESSORS ERWIN CHEMERINSKY,
MARTH MINOW, AND LAURENCE TRIBE
IN SUPPORT OF PLAINTIFFS-APPELLEES AND IN OPPOSITION TO
DEFENDANTS-APPELLANTS' REQUEST FOR AN EMERGENCY STAY

Erwin Chemerinsky
UC Berkeley School of Law
215 Boalt Hall
Berkeley, CA

1

## STATEMENT OF *AMICI CURIAE*

*Amicus* Erwin Chemerinsky is the Dean of the University of California, Berkeley, School of Law, where he also serves as the Jesse H. Choper Distinguished Professor of Law. *Amicus* Martha Minow is the 300th Anniversary University Professor at Harvard University. She has taught at Harvard Law School since 1981 and served as dean for eight years. . *Amicus* Laurence Tribe is the Carl M. Loeb University Professor of Constitutional Law Emeritus at Harvard University, and has taught at Harvard Law School since 1968. *Amici* are world-renowned scholars of constitutional law who collectively have authored scores of journal articles and books addressing constitutional issues including separation of powers, the limits of Executive Branch power, and the role of the Judicial Branch.

*Amici* have an interest in this case because, as scholars who have dedicated their careers to constitutional law, they have a special interest in ensuring that the balance of powers between the Executive, Legislative, and Judicial branches accords with the requirements and purposes of the Constitution. In this case, the Executive Branch is effectively asserting absolute, unreviewable authority to remove an individual from the United States, even where the removal was in conceded violation of a court order . If this court were to adopt the government's position here, it would dramatically expand the Executive Branch's power at the expense of fundamental

individual liberties, and diminish both the Legislative Branch's and the Judicial Branch's power in unprecedented and dangerous ways.

## ARGUMENT

At bottom, the government's argument is that, once the Executive Branch has removed an individual from the United States and arranged for that individual to be held in a foreign prison, an Article III court is constitutionally disempowered from ordering that the individual be returned to the United States—regardless of whether the Executive Branch's removal of the individual (i) lacked any statutory basis, (ii) failed to afford the individual any due process, and (iii) flouted a court order, issued pursuant to a congressional statute, barring the removal.

There is no logical stopping point to the government's dangerous argument. Under its logic, so long as the removed individual is confined in a foreign prison, the President's unfettered Article II prerogative to engage in "act[s] of foreign relations," Gov't Br., at 2, bars an Article III court from intervening. If the government's argument were correct, the Executive Branch would possess a shuddering degree of power—power that the President could wield in extreme and extraordinary ways, including against American citizens that the President simply disfavors. Not surprisingly, *amici* are not aware of any precedent or recognized constitutional principle supporting the government's argument.

There is no question—and could be no question—that the federal courts have jurisdiction over the U.S. officials who removed an individual from the United States and arranged for that individual to be held in a foreign prison, and who have continuing authority and power to correct their mistakes in such removal and rendition. To ensure the balance of powers that the Constitution envisions and that is necessary to protect individual liberty, it is vital that the court reject the government's argument here.

## **CONCLUSION**

For the reasons stated above, as well as the reasons explained in the brief submitted by Kilmar Armando Abrego Garcia, we urge the court both to deny the government's motion for a stay and to affirm the district court's order below.

Respectfully submitted,

Dated: April 6, 2025

*/s/ Erwin Chemerinsky*
Erwin Chemerinsky
UC Berkeley School of Law 215 Boalt Hall
Berkeley, CA 94720
(510) 642-6483
echemerinsky@law.berkeley.edu

*Counsel for Amici Curiae*