# BRIEF OF AMICUS CURIAE MICHAEL O'BRIEN IN SUPPORT OF PETITIONER

## INTEREST OF AMICUS CURIAE

Michael O'Brien submits this brief as a private citizen deeply concerned with the constitutional implications of government overreach and unlawful conduct. This brief is not submitted on behalf of any organization or political interest. It is rooted in the conviction that the rule of law, due process, and judicial independence are cornerstones of American democracy.

## STATEMENT OF THE CASE

Kilmar Abrego Garcia was granted protection by an immigration court in 2019 after showing credible fear of persecution in El Salvador. Despite this, in March 2025, the U.S. government deported him in what the DOJ now describes as a clerical mistake. He is currently imprisoned in El Salvador.

Following this incident, the district court ordered the DOJ to make all efforts to facilitate Mr. Garcia's return. However, DOJ representatives claim they are unable to force diplomatic action. As of April 2025, President Nayib Bukele of El Salvador has announced he will not return Mr. Garcia.

## LEGAL ARGUMENT

### I. The Fifth Amendment Protects Against Arbitrary Deprivation of Liberty

The Fifth Amendment of the U.S. Constitution provides that "[n]o person shall... be deprived of life, liberty, or property, without due process of law." When the U.S. government removed Mr.

Garcia in contravention of a valid court order granting him protection, it acted arbitrarily and unlawfully. The executive branch cannot unilaterally override judicial decisions.

## II. Judicial Orders Must Be Enforced

Courts are co-equal branches of government. If executive agencies may ignore final judicial rulings, the rule of law collapses. The refusal to comply with judicial orders erodes public trust and creates a dangerous precedent.

## III. Foreign Resistance Does Not Excuse Domestic Constitutional Failure

President Bukele's refusal to return Mr. Garcia, while diplomatically inconvenient, does not absolve the U.S. government of responsibility. The initial deportation was the result of government error. The Constitution does not permit rights to be suspended because of foreign political statements. At minimum, the U.S. must pursue all lawful means of redress, including diplomacy, litigation, or international remedies.

## IV. The Government's Actions Facilitated Cruel and Unusual Punishment in Violation of the Eighth Amendment

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." While typically applied to criminal convictions, the constitutional principle also applies when government officials knowingly expose individuals to inhumane confinement. Here, U.S. agencies coordinated and facilitated the deportation of Mr. Garcia—a protected individual—into a prison environment that would be deemed unacceptable by any measure of U.S. constitutional or humanitarian standards.

The conditions in Salvadoran prisons are widely documented to include overcrowding, gang violence, lack of medical care, and denial of due process. By knowingly subjecting Mr. Garcia to such conditions, the government has committed an act that echoes the concerns behind the Eighth Amendment: deliberate indifference to human suffering as a consequence of official conduct.

---

## CONCLUSION

The facts in this case are deeply troubling. If the government is permitted to make a person disappear through an "administrative error," and then claim its hands are tied when seeking to correct that wrong, no American is safe. The depravity displayed by the DOJ is so unconscionably shocking to humanity and is sociopathic in naked form. The stakes are very high for every American and resident which may lose their liberty over "clerical erros" and we are watching.

This Court must require meaningful, lawful action to restore Mr. Garcia's rights and return him safely.

Respectfully submitted,

/s/ Michael O'Brien

Michael O'Brien

Pro Se Amicus Curiae

1 Shearwood Place, Apt 2201

New Rochelle, NY 10801

347-410-0935

freesolenyc@gmail.com

Dated: April 16, 2025

---

**CERTIFICATE OF SERVICE**

I certify that on April 16, 2025, I served a true and correct copy of the foregoing Motion for Leave to File Amicus Curiae Brief and attached brief upon all parties via the Court's CM/ECF system or via first-class mail where necessary.

Respectfully submitted,

/s/ Michael O'Brien

Michael O'Brien